UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

JOEL MAHL, as relator, individually and on behalf
of THE UNITED STATES OF AMERICA,

                Plaintiff,

v.

THE CITY OF NEW YORK,

                Defendant.

**MEMORANDUM & ORDER**
12-CV-5979 (MKB)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiff Joel Mahl ("Relator"), proceeding *pro se*, commenced the above-captioned action on December 4, 2012, on behalf of himself and the United States of America (the "United States") against Defendant the City of New York, alleging violations of the False Claims Act, 31 U.S.C. § 3729 *et seq.* (the "FCA").[1] (Compl.) On May 16, 2019, Relator, a former administrative law judge employed by Defendant's Office of Temporary Disability Assistance, filed a corrected Second Amended Complaint ("SAC"), alleging that Defendant falsely requested payment of Medicaid, Temporary Assistance for Needy Families ("TANF"), and Supplemental Nutrition Assistance Program ("SNAP") benefits funded by the United States. (SAC ¶¶ 2, 28–30, Docket Entry No. 70.)

---

[1] Relator commenced this action with former plaintiffs Avika Tessler and John Vessey. (Compl., Docket Entry No. 1.) On July 22, 2024, Tessler "inform[ed] the Court that he does not intend to proceed any further with this action." (Tessler Ltr., Docket Entry No. 111.) On July 23, 2024, Vesey "inform[ed] the Court that he also does not intend to proceed with this action." (Vesey Ltr., Docket Entry No. 112.) Relator, whose counsel died, has indicated that "[he is] an attorney" and is proceeding *pro se*. (Letter filed Jan. 8, 2025 1, Docket Entry No. 116 (explaining that "[w]hile [he is] an attorney, [he has been] advised that [he is] prohibited by law from representing [him]self in this [FCA] case.").)

Currently before the Court is Relator's second motion to recuse Magistrate Judge Peggy Kuo and the undersigned from this case. (Pl.'s Second Mot. for Recusal ("Pl.'s Mot."), Docket Entry No. 120.) For the reasons explained below, the Court denies Relator's motion for recusal.

## I. Background

### a. Relator's extensions of time

On December 4, 2012, Relator commenced the above-captioned action. (*See* Compl.) Relator filed a First Amended Complaint on April 3, 2013, and a corrected Second Amended Complaint on May 16, 2019. (*See* Am. Compl., Docket Entry No. 7; SAC.) On January 8, 2021, the United States declined to intervene in this action,[2] and the Court ordered that "[t]he Complaint, [the] Amended Complaint, and the Second Amended Complaint (collectively, "Complaints") be unsealed and served upon . . . [D]efendant by . . . [R]elator[]." (the "January 2021 Order"). (Jan. 2021 Order to Unseal Case.) Relator requested and Judge Kuo granted several extensions of time to serve the Complaints and to obtain substitute counsel.[3] On May 8,

---

[2] On January 8, 2021, the United States filed a Notice of Election to Decline Intervention, which requested that the Court unseal certain documents and "that all other papers on file in this action remain under seal because in discussing the content and extent of the United States' investigation, such papers are provided by law to the Court alone for the sole purpose of evaluating whether the seal and time for making an election to intervene should be extended." (Notice of Election to Decline Intervention, Docket Entry No. 94.) No party objected to the Government's request at the time, and the Court filed an order to unseal the case in accordance with the Government's request. (Jan. 2021 Order to Unseal Case, Docket Entry No. 95.)

[3] (*See, e.g.*, First Mot. for Extension of Time, Docket Entry No. 96; Order dated Apr. 9, 2021; Second Mot. for Extension of Time, Docket Entry No. 97; Order dated July 1, 2021; Third Mot. for Extension of Time, Docket Entry No. 98; Order dated Nov. 3, 2021; Fourth Mot. for Extension of Time, Docket Entry No. 99; Order dated Feb. 2, 2022; Fifth Mot. for Extension of Time, Docket Entry No. 101; Order dated May 27, 2022; Sixth Mot. for Extension of Time, Docket Entry No. 102; Order dated Aug. 9, 2022; Seventh Mot. for Extension of Time, Docket Entry No. 103; Order dated Nov. 14, 2022; Eighth Mot. for Extension of Time, Docket Entry No. 104; Order dated Feb. 9, 2023; Ninth Mot. for Extension of Time, Docket Entry No. 105; Order dated May 8, 2023; *see also* Mot. to Engage Substitute Counsel, Docket Entry No. 100; Order dated May 3, 2022.)

2023, Judge Kuo granted Relator's ninth motion for extension of time and warned that "[n]o further extensions will be granted absent good cause." (Ninth Mot. for Extension of Time; Order dated May 8, 2023.) Judge Kuo subsequently granted Relator additional extensions of time to serve the Complaints and engage substitute counsel in view of his medical condition. (Eleventh Mot. for Extension of Time, Docket Entry No. 108; Order dated Jan. 17, 2024; Order July 26, 2024; Order dated Jan. 8, 2025.) Judge Kuo also warned Relator that "the case may be dismissed for lack of prosecution" if Relator fails to serve the Complaints by the extended deadlines. (Order dated July 26, 2024; Order dated Jan. 8, 2025.) Relator has not served the Complaints or engaged substitute counsel.

### b. Recusal motions

On July 23, 2024, Relator moved to recuse Judge Peggy Kuo and the undersigned from this case. (Pl.'s First Mot. for Recusal, Docket Entry No. 112). On July 26, 2024, Judge Kuo denied Relator leave to file his motion for recusal because "[a] [r]elator may not appear or file a motion in a [FCA] case unless represented by counsel." (Order dated July 26, 2024 (citing *Bowens v. Corr. Ass'n of N.Y.*, No. 19-CV-1523, 2019 WL 1586857, at *5 (E.D.N.Y. Apr. 12, 2019)).) On July 11, 2025, Relator filed a second motion for recusal. (Pl.'s Mot.; *see also* Letter filed Jan. 8, 2025.)

## II. Discussion

### a. Standard of review

Section 455(a) of Title 28 of the United States Code provides that "[a]ny justice, judge, or magistrate judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *Liteky v. United States,* 510 U.S. 540, 546–47 (1994) (quoting 28 U.S.C. § 455(a)); *Palin v. New York Times Co.*, 113 F.4th 245, 280 (2d Cir. 2024) (quoting 28 U.S.C. § 455(a)). This provision "is triggered by an attitude or state of mind so resistant to fair

and dispassionate inquiry as to cause a party, the public, or a reviewing court to have reasonable grounds to question the neutral and objective character of a judge's rulings or findings." *Liteky,* 510 U.S. at 557–58 (Kennedy, J., concurring). "[A] judge should be disqualified only if it appears that he or she harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute." *Id.* at 558; *see also El Omari v. Kreab (USA) Inc.*, 735 F. App'x 30, 31 (2d Cir. 2018) (noting that in considering whether to recuse itself from a case, a court must consider whether "an objective, disinterested observer fully informed of the underlying facts[] [would] entertain significant doubt that justice would be done absent recusal" (quoting *United States v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000))); *ISC Holding AG v. Nobel Biocare Fin. AG,* 688 F.3d 98, 107 (2d Cir. 2012) (same).

Disagreement with a court's decision, in and of itself, is not a sufficient basis to grant a recusal motion. *Palin*, 113 F.4th at 280 ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." (alteration in original) (quoting *Liteky,* 510 U.S. at 555)); *LoCascio v. United States,* 473 F.3d 493, 495–96 (2d Cir. 2007) (same); *Kane v. N.Y. State Unified Court System*, No. 25-CV-3595, 2025 WL 2645577, at *1 (E.DN.Y. Sept 15, 2025) ("To be disqualifying, the alleged bias and partiality 'must stem from *an extrajudicial source* and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'" (citation omitted)); *Gill v. Jus Broad. Corp.,* 567 F. Supp. 3d 394, 396 (E.D.N.Y. 2021) (noting that "bias and prejudice that is alleged to be disqualifying must come from an extrajudicial source" (citation omitted)); *S.E.C. v. Razmilovic,* No. 04-CV-2276, 2010 WL 2540762, at *4 (E.D.N.Y. June 14, 2010) ("Generally, claims of judicial bias must be based on extrajudicial matters, and adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality." (citation omitted)); *LoCascio v. United States*, 372 F. Supp. 2d 304, 314–15 (E.D.N.Y. 2005) ("[S]imply stated . . . , judicial rulings

4

alone almost never constitute a valid basis for a bias or partiality motion and . . . the alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." (citation and quotations omitted), *aff'd, LoCascio,* 473 F.3d at 493. "[A] high threshold is required" to satisfy the standard for recusal. *Liteky,* 510 U.S. at 557–58 (Kennedy, J., concurring). "Recusal motions are committed to the sound discretion of the district court." *Kamdem-Ouaffo v. Balchem Corp.*, No. 23-455, 2024 WL 1266220, at *2 (2d Cir. Mar. 26, 2024) (quoting *LoCascio*, 473 F.3d at 495), *cert. denied*, 145 S. Ct. 1087 (2025), *reh'g denied*, 145 S. Ct. 1324 (2025).

      b.    **Relator fails to show a basis for recusal**

Relator argues that "[t]he law," including section 455 of Title 28 of the United States Code and the ethical Canons of the Code of Conduct for United States Judges, ABA Model Code of Judicial Conduct, "unqualifiedly requires the recusal of Judge Brodie and Judge Kuo." (Pl.'s Mot. 1, 7.) First, Relator argues that Judge Kuo's prior indications that the Court "may dismiss the case for lack of prosecution" since he has been unable to engage substitute counsel are improper because his inability to "retain an attorney . . . is the fault of the Judges themselves." (*Id.* at 1, 3.) Relator "reassert[s] th[e] arguments in [his] letter to the Court filed January [8], 2025," in which Relator argued that "[t]he Court has not indicated any reason why it would [dismiss his case]" because (1) there is no statute of limitations issue in the case, (2) "[n]either the [Department of Justice] nor anyone else has requested such dismissal," and (3) the Court "granted unjustified and unwarranted seal extensions" to the United States "over [his] strenuous objections" for over eight years. (Pl.'s Mot. 2; Letter filed Jan. 8, 2025 2.) In addition, Relator argues that Judge Kuo "cite[d] a totally irrelevant lower [c]ourt case in support of [her] pronouncement that the inability to retain counsel forfeits not only [his] constitutional due

5

process rights but also [the rights] of all Americans . . . '" (Pl.'s Mot. 3.) Second, Relator provides various "examples of [the Court's] improprieties," including the fact that (1) the Court sealed evidence concerning the false filings of SNAP, Medicaid, and TANF claims by Defendant, (2) the Court "ignored" evidence that Magistrate Judge James R. Cho did not "have the authority to handle this case" while he was an Assistant United States Attorney ("AUSA"), "was not conducting the investigation pursuant to Department of Justice requirements," and "deceived" the Court, (3) Judge Kuo stated in a conversation between the Government the "privately retained relator's attorneys previously shown to be co-conspirators in this criminal effort" that she was willing to "ignor[e]" or "shred[]" relevant evidence "to [e]nsure that [it] [wa]s not recorded in the Court file," and (4) Judge Brodie "violate[d] the law by sealing evidence of these crimes." (*Id.* at 2–4.) Relator notes that "[w]hile [his] fragile health, medical conditions and hospitalizations have been a part of the reason" he has been unable to retain an attorney, "the overriding . . . reason is because attorneys do not wish to involve themselves in a case where they perceive that 'the fix is in' and 'the presiding Judges are corrupt'" despite the "real potential of an enormous payday." (*Id.* at 2.)

While Relator disagrees with the course adopted by Judge Kuo in requiring him to obtain substitute counsel in order to proceed with the case, disagreement with "judicial rulings alone" is not sufficient grounds for recusal. *See, e.g.*, *LoCascio*, 473 F.3d at 495; *Wong v. Bondi,* No. 23-6396, 2025 WL 1326709, at *2 (2d Cir. May 7, 2025) ("Generally, claims of judicial bias must be based on extrajudicial matters, and adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality." (quoting *Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009) (per curiam))). Judge Kuo has previously warned Relator that "if the Complaint is not served by [the extended deadline], the case may be dismissed for lack of prosecution" and denied Relator's request for leave to file a

6

motion for recusal on the basis that "[he] may not appear or file a motion in a [FCA] case unless represented by counsel." (Order dated July 26, 2024 (citing *Bowens*, 2019 WL 1586857, at *5); *see also* Order dated Jan. 8, 2025.) Relator only argues that Judge Kuo adopted a course with which he disagreed and challenges her reliance on *Bowens* as a basis for recommending dismissal of his case — he does not allege any extrajudicial misconduct related to Judge Kuo's denial of his first recusal motion because he is "[not] represented by counsel" or advising him that his case "may be dismissed for lack of prosecution."[4] (Order dated July 26, 2024; Order dated Jan. 8, 2025.) Accordingly, Judge Kuo's adverse ruling on his prior motion for recusal and advisement that the Complaint may be dismissed are insufficient bases to support a recusal motion.

The undersigned's order directing certain filings to remain under seal is also a judicial

---

[4] Relator argues that Judge Kuo "cite[d] a totally irrelevant lower [c]ourt case in support of [her] pronouncement that the inability to retain counsel forfeits not only [his] constitutional due process rights but also [the rights] of all Americans . . . ." (Pl.'s Mot. 3.)  In her orders dated July 26, 2024 and January 8, 2025, (Order dated July 26, 2025; Order dated Jan. 8, 2025), Judge Kuo relied on *Bowens*, which found that "[a] [p]laintiff's FCA claims fail[ed] because he may not proceed *pro se* under the FCA." *Bowens v. Corr. Ass'n of N.Y.*, No. 19-CV-1523, 2019 WL 1586857, at *5 (E.D.N.Y. Apr. 12, 2019). The Court notes that the Second Circuit has not held that an attorney litigant cannot proceed *pro se* in a FCA case. *See U.S. ex rel. Mergent Servs. v. Flaherty,* 540 F.3d 89, 93–94 (2d Cir. 2008) (finding that a non-attorney litigant was "not entitled to proceed *pro se*" "[b]ecause relators lack a personal interest in [FCA] *qui* tam actions" and explaining that "Congress could [not] have intended to authorize a layman to carry on such suit as attorney for the United States but must have had in mind that such a suit would be carried on in accordance with the established procedure which requires that only one licensed to practice law may conduct proceedings in court for anyone other than himself." (alteration in original andcitations omitted)); *see also United States v. Quest Diagnostics Inc.*, 734 F.3d 154, 163 (2d Cir. 2013) (explaining that the Second Circuit in *Mergent Services* was "reviewing a district court's order dismissing a *qui tam* action on the ground that a non-lawyer cannot bring a *qui tam* action *pro se*" (citing *Mergent Servs.,* 540 F.3d at 93)); *Chailla v. Navient Dep't of Educ.*, 791 F. App'x 226, 229 (2d Cir. 2019) (finding that the district court "did not err in dismissing this action after [the plaintiff] failed to retain counsel, despite being granted ample opportunity to do so" because "[t]he record lacks any indication that [the plaintiff] herself is an attorney admitted to the practice of law"). However, Relator has conceded that "[he is] unable to represent [him]self because of serious medical issues together with [his] somewhat advanced age (74) and a lack of qualifications and experience . . . ." (Letter filed Jan. 8, 2025 1.)

ruling which, without allegations of extrajudicial misconduct, cannot form the basis of recusal. The decision of whether to seal judicial documents is within the Court's discretion. *See* 31 U.S.C.A. §§ 3730(b)(2)–(3) (explaining that complaints in FCA cases "shall remain under seal for at least [sixty] days" and that "[t]he Government may, for good cause shown, move the court for extensions of time during which the complaint remains under seal"); *Giuffre v. Maxwell,* 146 F.4th 165, 174–75 (2d Cir. 2025) (explaining that the Second Circuit reviews "a district court's decision to seal or filing or to maintain such a seal . . . for abuse of discretion"); *Geller v. Branic Int'l Realty Corp.,* 212 F.3d 734, 738 (2d Cir. 2000) ("[W]hen a district court initially considers a request to seal a file or to approve or take other protective measures, it enjoys considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents filed in our courts." (emphasis omitted)). In the Court's January 2021 Order, the Court directed that "[a]ll other contents of the Court's file in this action [would] remain under seal and not be made public or served upon the defendants, except for [the January 2021 Order,] . . . the United States Notice of Election to Decline Intervention[,]" and the Complaints. (Jan. 2021 Order to Unseal Case.) Since January of 2021, "[t]he seal [has been] lifted as to all other matters occurring in this action . . ." (*Id.*) Because sealing decisions fall within the Court's "considerable discretion," *Geller,* 212 F.3d at 738, and Relator fails to allege anything "more" that could raise an inference of bias, *Wong,* 2025 WL 1326709, at *2, Relator has not presented a proper basis for recusal. *See In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988) ("A judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is.").

Judge Kuo's discussion with the parties regarding how to proceed regarding an email Relator sent to chambers is also not a basis for recusal. (Pl.'s Mot. 2.) Relator appears to rely on notes taken from a May of 2019 hearing before Judge Kuo, in which she addressed an email

8

Relator "sent . . . without telling [his counsel] beforehand." (*See* Notes from Hr'g Before Judge Kuo, annexed to Letter filed Jan. 8, 2025, Docket Entry No. 116.) However, Relator mischaracterizes the notes. Under the subheading "[s]tarted with Mahl email," the notes reflect that Judge Kuo asked Relator's counsel whether Relator "want[ed] this letter filed" and that if Relator "want[ed] it recorded [Judge Kuo] w[ould] do so, otherwise [Judge Kuo] w[ould] shred [the letter] and it w[ould] be ignored." (*Id.*) Because "[a] paper not filed electronically" may be filed "by delivering it . . . to a judge *who agrees* to accept it for filing," Judge Kuo's decision to file Relator's email on the docket if Relator wanted it recorded, and to shred it if he did not want it recorded, is not a basis for recusal. *See* Fed. R. Civ. P. 5(d)(2) (emphasis added); *Findley v. United Parcel Serv. Inc.*, No. 21-CV-131, 2022 WL 20086756, at *5 (E.D.N.Y. Jan. 11, 2022) ("Rule 5(d)(2) of the Federal Rules of Civil Procedure provides that '[a] paper not filed electronically is filed by delivering it: (A) to the clerk; or (B) to a judge who agrees to accept it for filing, and who must then note the filing date on the paper and promptly send it to the clerk.'" (quoting Fed. R. Civ. P. 5(d)(2))); *Watson v. Snow*, No. 04-CV-5909, 2007 WL 4302731, at *1–2 (S.D.N.Y. Dec. 7, 2007) (denying the plaintiff's motion to recuse because there was "simply no factual predicate for [the] plaintiff's claim of bias" and "remind[ing] [the] plaintiff that her submission of pleadings or other documents to [the judge's] chambers does not constitute filing").

Judge Cho's alleged misconduct does not present a basis for recusal. Although Relator claims that the Court ignored evidence that Judge Cho "did not even have the authority to handle this case" as an AUSA, "lied, mis[led], and deceived the Court" regarding the "evidence already obtained," "was not conducting the investigations pursuant to Department of Justice requirements," Relator provides no evidence of misconduct by Judge Cho, or any evidence to support his conclusory allegation that the Court ignored any misconduct. (Pl.'s Mot. 4) Without

9

any evidence, the Court cannot conclude that Judge Kuo or the undersigned should be recused. *See Liteky,* 510 U.S. at 557–558 (Kennedy, J., concurring) (explaining that "a high threshold is required" to satisfy the standard for recusal); *Palin,* 113 F.4th at 280 ("The '[m]ere conclusions [and] opinions' that [the plaintiff] offers as to why []he believes the district judge is, or appears to be, biased do not 'constitute legally sufficient grounds for recusal.'" (alterations in original and citation omitted)).

Accordingly, because Relator has not made any allegations that are supported by facts to suggest that an objective, disinterested observer would question Judge Kuo's or the undersigned's impartiality, the Court denies Relator's second recusal motion. *See Harrison v. County of Nassau*, No. 15-CV-2712, 2018 WL 4583491, at *1–2 (E.D.N.Y. Sept. 24, 2018) (denying the plaintiff's motion for recusal because the court's rulings did not "exhibit[] any favoritism or antagonism towards either side" and "to the extent plaintiff alleges any other improper conduct, those allegations are completely unsubstantiated and baseless").

### III. Conclusion

For the foregoing reasons, the Court denies Plaintiff's motion for refusal. Plaintiff is granted a final extension of time until thirty days from this Memorandum and Order to serve the Complaints. Failure to do so could result in dismissal of the action.

Dated: September 22, 2025
      Brooklyn, New York

                        SO ORDERED:

                        _____s/ MKB_____
                        MARGO K. BRODIE
                        United States District Judge